UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE L. MERCADO,

               Petitioner,

   -vs-

JAMES T. CONWAY,

               Respondent.
_____

**DECISION AND ORDER**
**No. 04-CV-6609T**

**I.  Introduction**

*Pro se* petitioner Jose L. Mercado has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered December 10, 1998, in New York State, County Court, Wayne County, convicting him, after a jury trial, of Burglary in the Third Degree, Petit Larceny, and Criminal Mischief in the Fourth Degree.

For the reasons stated below, the petition is denied.

**II.  Factual Background and Procedural History**

Petitioner was charged in indictment no. 98-02 with Burglary in the Third Degree, Petit Larceny, and Criminal Mischief in the Fourth Degree. He was convicted of all three counts of the indictment following a jury trial. On December 10, 1998, Petitioner was sentenced as a persistent felony offender by the Wayne County Court to an indeterminate term of imprisonment of 15 years to life on his conviction for Burglary in the Third Degree,

together with a one year definite sentence on each of his Misdemeanor convictions, all to be served concurrently.

Petitioner was at Dom's East Newark Grill ("Dom's") from approximately 11:00 p.m. on November 25, 1997, until the bar closed at 2:30 a.m. on November 26. After closing, the bartender inspected the premises and noticed that the kitchen window and the screen were intact. She then locked the door and left. When the manager of the bar arrived for work at approximately 6:00 a.m., he noticed that the door was unlocked. When he entered the bar, he saw that the kitchen window was broken and the screen was missing. He also noticed footprints in the sink and that money was missing from two envelopes and a tin box kept in the vicinity of the bar. Trial Transcript [T.T.] 231-41, 257-58, 274.

Fingerprints, that were later determined to be Petitioner's, were recovered from the envelopes. Petitioner was subsequently brought to the police station where he gave a statement in which he admitted to returning to Dom's after it had closed, entering through a back window, looking for money, stealing $70, and leaving through the front door. T.T. 316-50, 379-82, 398-402.

On September 24, October 13, and November 16, 1998, a hearing was held to determine whether Petitioner should receive an enhanced sentence as a persistent felony offender. At the hearing, the People called twelve witnesses, who testified concerning the circumstances surrounding Petitioner's arrests and convictions.

The prosecution also introduced certificates of conviction[1] and certificates of incarceration to establish Petitioner's previous felony convictions, and the sentences imposed. Petitioner, who testified in his own behalf, admitted that he burglarized Dom's, and that he often committed crimes because he was intoxicated. Hearing Minutes [H.M.] (Nov. 16) 4-5. At the conclusion of the hearing, the judge ruled that the prosecution had proven beyond a reasonable doubt that Petitioner had been convicted of two or more felonies, and therefore satisfied the definition of a persistent felony offender as set forth in New York Penal Law § 70.10. H.M. (Nov. 16) 36-39.

On December 10, 1998, Petitioner was sentenced to fifteen years to life on the Burglary charge, and concurrent one-year terms on the Misdemeanor Larceny and Criminal Mischief charges. H.M. (Dec. 10) 2-11.

The Appellate Division, Fourth Department, unanimously affirmed Petitioner's conviction. People v. Mercado, 294 A.D.2d (4th Dept 2002). The New York Court of Appeals denied leave to appeal. People v. Mercado, 98 N.Y.2d 731 (2002). On or about October 23, 2002, Petitioner submitted a pro se motion to vacate

---

[1] During the hearing, Police Officer T. Smith testified that he had arrested Petitioner for burglary on September 22, 1989, after finding him hiding inside "Sharpie's Bar and Grill" in Newark. Officer Smith testified that Petitioner was subsequently convicted of Third-Degree Burglary and sentenced to prison. The prosecutor then introduced a certificate of conviction as to that crime, and petitioner's counsel objected that the certificate lacked a required signature. The court overruled counsel's objection and received the certificate into evidence. Additionally, the minutes of Petitioner's guilty plea in that case were received into evidence without objection. H.M. (Sept. 24) 28-32.

his judgment of conviction pursuant to New York Criminal Procedure Law § 440.20, which was denied by Wayne County Judge John B. Nesbitt by letter opinion on August 22, 2003. On or about September 24, 2004, Petitioner filed a motion for a writ of error coram nobis, which was denied by the Appellate Division on November 19, 2004. People v. Mercado, 12 A.D.2d 1206 (4th Dept. 2004). Petitioner sought leave to appeal to the New York Court of Appeals, which was denied on March 29, 2005. People v. Mercado, 4 N.Y.3d 833 (2004). This habeas petition followed[2].

One of Petitioner's claims appears to be fully exhausted and properly before this court. See 28 U.S.C. § 2254(b)(1)(A). Petitioner's remaining claims are deemed exhausted but procedurally defaulted. See § 2254(b)(1)(B); see also Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991).

**III. Discussion**

**A.  Exhaustion and Procedural Default**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that–(A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28

---

[2] Petitioner filed his original petition for habeas relief (dated August 16, 2004) before he had filed his motion for a writ of error coram nobis. Petitioner requested that his Petition be stayed to allow him to exhaust a fourth issue, that his appellate counsel had been ineffective. On February 15, 2005, United States District Court Judge Michael A. Telesca issued an order staying the Petition, and, on April 20, 2005, Petitioner filed an amended Petition in which he reasserted his original three claims and, in addition, raised one other.

U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054, 115 S.Ct. 1436 (1995)." The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts. Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir.1982) (en banc), cert. denied, 464 U.S. 1048 (1984). However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey, 933 F.2d at 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989) (other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Id.

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice (i.e., actual innocence). See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333, 277-78 (1992).

**B.   The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a state court conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(2).  A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).  The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case.  Williams, 529 U.S. at 413; see

also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently. Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir.2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir.) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### 1. Ineffective assistance of appellate counsel

Petitioner claims ineffective assistance of appellate counsel, contending that appellate counsel had been ineffective for failing to argue that New York's persistent felony offender statute was

-7-

unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). Pet., ¶22D. In September 2004, Petitioner moved for a writ of error coram nobis, and the Appellate Division denied the Petitioner's motion. Summary denial of Petitioner's motion constitutes an adjudication on the merits of this claim. Sellen v. Kuhlman, 261 F.3d 303, 314 (2d Cir. 2001).

It is well settled Supreme Court law that a Petitioner claiming ineffective assistance of appellate counsel must show that counsel's representation was fundamentally defective, and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); Aparicio, 269 F.3d at 95. In order to satisfy the first prong of Strickland, it is not enough for a petitioner to show that appellate counsel omitted a colorable argument. Aparicio, 269 F.3d at 95. Indeed, counsel is not required to raise all colorable claims on appeal. Id.; see Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, counsel may winnow out weaker arguments and focus on one or two key claims that present "the most promising issues for review." Jones, 463 U.S. at 751-53. And, of course, counsel is "strongly presumed to have rendered adequate assistance and [to have] made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 689-90. In this regard, "strategic choices made after thorough investigation of law and facts . . . are virtually unchangeable." Id. at 690.

To satisfy the second prong of Strickland, a petitioner must show that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. In the context of a claim of ineffective assistance of appellate counsel, this means that "absent counsel's deficient performance, there was a reasonable probability that [petitioner's] appeal would have been successful before the state's highest court." James v. Artus, 2005 U.S. Dist. LEXIS 6402 *62 (S.D.N.Y. April 15, 2005).

In this case, Petitioner cannot meet either prong of Strickland. On appeal, Petitioner's counsel filed a brief advancing three arguments[3]. Petitioner adopted these same arguments in his habeas petition, and does not allege that these arguments were not advanced or competently advanced by his appellate counsel. Rather, Petitioner merely contends that counsel should have argued, in addition, that New York's persistent felony offender statute also violated Apprendi. As Respondent correctly points out, counsel properly chose not to advance this claim because, at the time of Petitioner's appeal[4], the New York Court of

---

[3] These arguments are: (1) the trial court erred when it refused to instruct the jury on criminal trespass as a lesser included offense of Burglary in the Third Degree; (2) the trial court erred when it allowed the People to introduce hearsay at the persistent felony offender hearing over timely defense objection; and (3) the trial court improperly exercised its discretion when it determined that the defendant's history and character justified a sentence of 15 years to life as a persistent felony offender. Appellant's Brief [A.B.], 9-16.

[4] The Rosen decision was issued on April 3, 2001; appellate counsel's brief is dated October 18, 2001, approximately six months after Rosen was handed down.

Appeals had already rejected it. See People v. Rosen, 96 N.Y.2d 329, 409-10 (2001) (interpreting New York's persistent felony offender statute in a manner that did not violate Apprendi); see also People v. Rivera, 5 N.Y.3d 61 (2005)(reaffirming Rosen)[5]. Thus, counsel's decision not to raise the issue under Apprendi was based on the sort of "thorough investigation" of the law that is unchallengeable under Strickland. Strickland, 466 U.S. at 690.

Petitioner has also failed to establish the "but for" prong of Strickland by failing to show that, but for counsel's deficient performance, there was a reasonable probability that Petitioner's appeal would have been successful. See also James, 2005 U.S. Dist. LEXIS 6402 at *62. At the time of Petitioner's appeal, the New York Court of Appeals had determined that the New York persistent felony offender statute was constitutional, and, as such, the Appellate Division was bound by that decision. Similarly, if the Appellate Division had ruled contrary to Rosen, the New York Court of Appeals would likely have reversed that decision. Therefore, there is no probability, much less a reasonable one, that the

---

[5] In 2007, Rosen and Rivera were overruled by the United States District Court, Eastern District of New York, as stated in Portalatin v. Graham, 478 F. Supp. 2d 385 (E.D.N.Y. 2007). In that case, the court criticized the way Apprendi had been applied in those cases. The Second Circuit, however, has rejected Apprendi-based challenges to New York's persistent felony offender statute in the federal habeas corpus context. See Brown v. Greiner, 409 F.3d 523 (2d Cir. 2005), (holding that it is reasonable for the New York Court of Appeals to conclude that fact-finding necessary to the imposition of an enhanced persistent felony offender sentence is excluded from the Apprendi rule); see also Brown v. Miller, 451 F.3d 54 (2d Cir. 2006); see also Stokes v. Girdich, 2009 U.S. App. LEXIS 5004 *2 (2d Cir. March 5, 2009) (reaffirming holding in Brown v. Greiner).

result of Petitioner's appeal would have been different if counsel had raised an Apprendi claim.

Accordingly, this Court finds that the state court's adjudication of Petitioner's ineffective assistance of appellate counsel claim was not "contrary to" or "an unreasonable application" of clearly established federal law, and this claim is denied.

### 2. Failure to submit lesser included offense to jury

Petitioner claims that the trial court erred when it refused to instruct the jury on Criminal Trespass as a lesser included offense of Burglary in the Third Degree. Petition [Pet.], ¶22A. The Appellate Division affirmed the trial court's decision, finding that there was no reasonable view of the evidence that defendant committed the lesser offense but not the greater.

This court finds that Petitioner did not exhaust his state remedies with respect to this claim. On direct appeal, Petitioner argued that the failure to submit the lesser included offense to the jury was erroneous only under New York law. In doing so, Petitioner failed to apprise the Appellate Division of the issue in federal constitutional terms. See Daye, 696 F.2d at 191-92. Consequently, he is now procedurally barred from doing so because he could have raised the issue on appeal, but did not. See Grey, 933 F.2d at 120-21; N.Y. C.P.L. § 440.10(2)©.

Petitioner has not attempted to show the requisite cause and prejudice or actual innocence necessary to overcome the procedural default, and this claim is therefore denied.

In any event, in so much as Petitioner alleges his 14th Amendment right to due process was violated when the trial court refused to charge Criminal Trespass (a misdemeanor) as a lesser included offense of Burglary, his claim is not cognizable on federal habeas review. It is well-established law that habeas relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). And the propriety of a state court's jury instructions is ordinarily a matter of state law that does not raise a federal constitutional issue. See Cupp v. Naughten, 414 U.S. 141, 146 (1973); see also McCullough v. Filion, 378 F.Supp.2d 241, 255 (W.D.N.Y. 2005) (rejecting similar claim because it did not implicate a Federal constitutional right). Furthermore, although the Supreme Court has held that due process requires a trial court to submit jury instructions on lesser-included offenses in capital cases, it has not yet decided whether due process requires this type of instruction in non-capital cases. Beck v. Alabama, 447 U.S. 625, 637-38 n.14 (1980); see Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996) (acknowledging that this Circuit has not yet ruled on the issue).

### 3. Sentencing

Petitioner asserts two claims regarding sentencing. Pet., ¶22B, C. First, Petitioner contends that his persistent felony

offender sentencing proceeding was deficient because hearsay (an unsigned certificate of conviction) was admitted. Second, he asserts that he should have received a lesser sentence. The Appellate Division affirmed the trial court's determination, finding that the trial court properly determined that Petitioner is a persistent felony offender and sentenced him to an aggregate term of incarceration. The Appellate Division also affirmed the trial court's determination that the history and character of the defendant and the nature and circumstances of his criminal conduct indicated that extended incarceration and life-time supervision would best serve the public interest.

This Court finds that Petitioner did not exhaust his state remedies with respect to these claims. On direct appeal, Petitioner failed to present these claims in federal constitutional terms. See Daye, 696 F.2d at 191-92. Consequently, he is now procedurally barred from doing so because he could have raised the issues on direct appeal, but did not. See Grey, 933 F.2d 120-21; N.Y. C.P.L. § 440.10(2)(c).

Because Petitioner has not attempted to show the requisite cause and prejudice or actual innocence necessary to overcome the procedural default, his sentencing claims are denied.

In any event, in so much as Petitioner alleges that the trial court's use of the unsigned certificate of conviction --

"inadmissible hearsay"[6] -- to determine his sentence amounts to a 14th Amendment due process violation, this claim is also not cognizable on habeas review. See Estelle, 502 U.S. 62 at 67-8 (habeas relief does not lie for errors of state law). Such a claim, which concerns the application of N.Y. C.P.L. § 400.20(5)[7], is not a proper basis for habeas review. See Montes v. Scully, 1993 U.S. Dist. LEXIS 12658 *19-22 (E.D.N.Y. September 1, 1993) (claim that prosecutor violated notice provision of C.P.L. § 400.20 was a "technical" argument, based on state law, and did not establish claim cognizable on habeas review).

Additionally, the Supreme Court has held that, in non-capital cases, due process is satisfied so long as a sentence is not based on "materially untrue" information. Townsend v. Burke, 334 U.S. 736, 741 (1948); United States v. Miller, 263 F.3d 1, 5 n.5 (2d Cir. 2001). The Second Circuit has determined that, to ensure that the sentencing body does not rely on materially untrue information, a defendant must be given notice of, and an opportunity to respond to, the facts upon which the sentencing body is relying. Torres v. United States, 140 F.3d 392, 404 (2d Cir. 1998), cert. denied, 525 U.S. 1042 (1998); United States v. Berndt, 127 F.3d 251, 257-58 (2d Cir. 1997). Here, Petitioner was given an opportunity to do

---

[6] Petitioner contends the unsigned certificate of conviction is inadmissible hearsay and was improperly considered by the trial court to determine his sentence.

[7] N.Y. C.P.L. § 400.20(5) governs the standard of proof and evidence admissible at a hearing to determine if a defendant should receive an enhanced sentence as a persistent felony offender.

both, and he was not sentenced on the basis of untrue information. In fact, Petitioner does not even contend that the information in the unsigned certificate of conviction was false or that he had not been convicted of that crime. Instead, Petitioner contends that the document was defective[8] on its face, and that the admission of it and subsequent reliance on it to determine the term of his sentence violated the New York statute governing persistent felony offender hearings. Such an argument is rooted in state procedural law and is not cognizable by this Court on habeas review.

And, in so much as Petitioner alleges constitutional defects in the term of sentence imposed, his claim does not present an issue cognizable on habeas review. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (challenge to term of sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range). Petitioner's sentence was not only within the limits set by New York law, but it was the minimum sentence possible for a persistent felony offender. See N.Y. Penal Law §§ 70.00(2)(a); 70.00(3)(a)(I); 70.10(2) (sentence for persistent

---

[8] Petitioner argued on direct appeal that "[a] certification of a copy which fails to properly attest to the genuineness of the signature affixed to the original document is defective, and [a] certificate of conviction which is so certified is therefore inadmissible at a persistent felony offender hearing . . . . [T]he certification of the certificate of conviction could not have certified the genuineness of the signature affixed to the document, as there was no signature affixed. The certification was therefore defective, and the document was improperly admitted . . . . [B]ecause the record fails to demonstrate whether the lower court . . . relied on the improperly admitted hearsay in reaching this conclusion, the error cannot be considered harmless." A.B. 13-14.

felony offender shall be a minimum of between fifteen and twenty-five years, and maximum of life).

**V.   Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2),  I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**ALL OF THE ABOVE IS SO ORDERED**.

S/Michael A. Telesca

-------------------------------------
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    July 15, 2009
          Rochester, New York